UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK T. WOYTSEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00491-TAB-TWP |
| | ) | |
| NANCY A. BERRYHILL[1] Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Derek T. Woytsek appeals the Administrative Law Judge's denial of his application for Social Security benefits. Woytsek primarily argues that the ALJ erred by ignoring evidence that his impairments equal a listing. However, the evidence Woytsek points to was either relied on by the ALJ or is consistent with the ALJ's findings. For the reasons set forth below, Woytsek's brief in support of appeal [Filing No. 22] is denied and the Commissioner's decision is affirmed.

**I.      Background**

On January 17, 2013, Woytsek filed an application for supplemental security income, alleging disability beginning January 28, 2012. Woytsek's application was denied initially and upon reconsideration. Woytsek requested reconsideration, attended a hearing with his attorney, and testified before an ALJ.

---

[1] Nancy A. Berryhill is substituted for Carolyn W. Colvin as the proper Defendant pursuant to Fed. R. Civ. P. 25(d).

The ALJ issued an opinion on November 12, 2014, concluding that Woytsek is not disabled. At step one, the ALJ found that Woytsek has not engaged in substantial gainful activity since the date of the application. At step two, the ALJ found that Woytsek's severe impairments include hearing loss, asthma, obesity, borderline intellectual functioning, depression, post-traumatic stress disorder, an antisocial personality disorder, an intermittent explosive disorder, marijuana dependence, and alcohol dependence. At step three, the ALJ found that Woytsek's impairments do not meet or equal a listing. At step four, the ALJ found that Woytsek has the RFC to perform a full range of work with the following limitations:

> no work around dangerous moving machinery; no more than moderate noise levels as defined in the *Selected Characteristics of Occupations*; no more than moderate exposure to extreme heat, extreme cold, wetness, humidity, dusts, fumes, gasses or other respiratory irritants; simple routine one and two-step tasks with the ability to attend, concentrate, and persist for two hours at a time; no more than superficial interaction with coworkers or supervisors; and no interaction with the public.

[[Filing No. 14-2, at ECF p. 18](#).]

The ALJ found that Woytsek has no past relevant work. At step five, the ALJ relied on the testimony of a Vocational Expert to find that Woytsek is able to perform the work of a washer, counter supply worker, and garment cover bagger. The ALJ concluded Woytsek is therefore not disabled. The ALJ's decision became final when the Appeals Council denied Woytsek's request for review. This appeal followed.

**II.    Standard of Review**

The Court's review of the ALJ's decision is limited to deciding whether the findings of fact are supported by substantial evidence and whether there was an error of law. *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin* 743 F.3d 1118, 1120 (7th Cir. 2014). The

Court reviews the entire record but does not reweigh the evidence or resolve conflicts in the record. *Stepp*, 795 F.3d at 718. Nor does the Court make credibility determinations or substitute its own judgment for that of the ALJ. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The ALJ need not mention every bit of evidence in the record, but he must build a "logical bridge" between the evidence and her conclusions, *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012).

### III. Discussion

Woytsek primarily argues that the ALJ erred at step three because he failed to support his finding that Woytsek's impairments do not equal the listing for depression or personality disorder. Woytsek points to several pieces of evidence that he asserts the ALJ erroneously ignored. The Commissioner contends that the evidence does not demonstrate Woytsek's impairments equal a listing. The Court agrees with the Commissioner.

In order to establish that Woytsek equals the listing for either depression or personality disorder, he has to show, among other criteria, that his "mental impairments result in at least two of the following problems: (1) marked restriction in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, and pace; or (4) repeated episodes of decompensation." *Sims v. Barnhart*, 309 F.3d 424, 431 (7th Cir. 2002) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04B, 12.08B).

The ALJ found that Woytsek's impairments do not meet or equal the listing for depression or personality disorder. [Filing No. 14-2, at ECF p. 15.] The ALJ discussed each of the four criteria and determined that Woytsek has moderate restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties with regard to

concentration, persistence, and pace, and no episodes of decompensation.  [Filing No. 14-2, at ECF p. 16-17.]  The ALJ found that Woytsek's mental impairments do not satisfy the listing criteria because his limitations are not marked and he experienced no episodes of decompensation.  [Filing No. 14-2, at ECF p. 17.]

Woytsek argues that the ALJ's finding is erroneous because he ignored four mental health evaluations from Midtown and the consultative psychological evaluation by Dr. O'Brien.  This evidence, however, does not undermine the ALJ's findings or support a finding that Woytsek's condition equals a listed impairment.  Moreover, Woytsek limits his step three arguments to evidence of social functioning.  Even if the evidence discussed here demonstrated a marked impairment in social functioning, Woytsek would still need to demonstrate another marked impairment or episodes of decompensation to meet a listing.  Nevertheless, the Court turns to the evidence.

First, the ALJ relied on two examinations that Woytsek alleges he ignored. Woytsek argues ALJ ignored the consultative psychological examination dated March 13, 2013, which "reported that he had an extremely *negative and defensive attitude*."  [Filing No. 31, at ECF p. 4] (emphasis added).  Not only did the ALJ rely on this examination to find moderate restrictions in social functioning, but he relied on the exact portion of the examination which is the basis of Woytsek's argument.  The ALJ explained that, "[w]hile a consultative examiner noted the claimant's initial *negative and defensive attitude*, he opined that the claimant is able to relate to others on a superficial basis in the workplace."  [Filing No. 14-2, at ECF p. 16] (emphasis added).  The ALJ did not ignore this evidence, rather he confronted it and gave an explanation for his finding.  As a result, Woytsek's argument that the ALJ ignored this report fails.

4

Similarly, Woytsek's argument that the ALJ ignored a Midtown examination dated December 18, 2013, fails. Woytsek argues the ALJ ignored his homicidal ideation, intrusive thoughts, delusions, impulsivity, and paranoia. In actuality, the ALJ relied on this examination to acknowledge that "the claimant has endorsed paranoid delusions, racing thoughts." [Filing No. 14-2, at ECF p. 15.] The ALJ further relied on this examination to find moderate restrictions in social functioning. The ALJ explained that "treatment records not[e] that the claimant has participated in group therapy sessions with no difficulty interacting with others." [Filing No. 31, at ECF p. 4.] The ALJ did not ignore this evidence and it does not undermine the ALJ's finding. Thus, Woytsek's argument fails.

The remaining three reports that Woytsek points to were not cited by the ALJ, but likewise fail to undermine the ALJ's findings. Woytsek argues the ALJ ignored Midtown reports dated September 26, 2012, that he had frequent conflicts with others, December 5, 2012, that he had daily fighting, and January 31, 2013, that he had symptoms of depression and anxiety. However, the ALJ found that despite Woytsek's "longstanding history of anger outbursts, irritability, and other adverse social behavior, the claimant's daily activities show that he is capable of engaging in appropriate social interaction despite his allegations." [Filing No. 14-2, at ECF p. 16.] In fact, the evidence of record reflects that socializing with others is Woytsek's greatest strength. [Filing No. 14-9, at ECF p. 60.] While the ALJ did not specifically cite the Midtown reports, he confronts the history of Woytsek's social behavior problems described in the Midtown reports, and explains why he does not find marked impairments in social functioning. [Filing No. 14-2, at ECF p. 16.] This was not error.

Woytsek also argues that the ALJ relied on his layperson opinion to determine medical equivalency and erred by failing to summon a medical advisor. This argument is difficult to

reconcile with the above analysis of the evidence the ALJ relied on to determine equivalency. In particular, Dr. O'Brien is an expert and the ALJ relied on his opinion to determine medical equivalency. 20 C.F.R. § 416.927(e); *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004); *see* S.S.R. 96–6p (explaining that psychological consultants must be treated as experts). Additionally, Drs. Lovko and Larsen found that Woytsek did not equal a listing. [Filing No. 14-3, at ECF p. 8, 21-22.] Woytsek's argument falls flat as a result.

Finally, Woytsek takes issue with the ALJ's step five conclusion that Woytsek is not disabled. Woytsek argues that "the ALJ's limitation of the work did not address the impact of the claimant's mental limitations as stated in detail in the treating psychiatrist's evaluations assessing GAFs in the totally disabled range of 50." [Filing No. 22, at ECF p. 20.] On September 26, 2012, Midtown assessed Woytsek with a GAF score of 50. [Filing No. 14-8, at ECF p. 17-18.] While Woytsek is correct that the score is part of his medical history because it is dated after his disability allegedly began, 20 C.F.R. § 416.912(d)(2), Woytsek fails to explain how this GAF score might change the ALJ's step five conclusion. As the Commissioner points out, "nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score." *Denton*, 596 F.3d at 425. Woytsek's GAF score of 50 does not prove he is disabled. Woytsek's argument therefore fails.

Woytsek does not convince the Court that the ALJ committed reversible error. The evidence Woytsek points to was either discussed by the ALJ or is consistent with his findings. The ALJ was not required to call an additional medical expert, and the Court finds no error with the step five conclusion. Thus, remand is not appropriate.

6

## V. Conclusion

For these reasons, Woytsek has not demonstrated that the ALJ failed to support his conclusion that Woytsek is not disabled. The Court agrees with the Commissioner that the ALJ did not commit reversible error. Accordingly, the Court denies Woytsek's brief in support of appeal [Filing No. 22] and affirms the Commissioner's decision.

Date: 2/13/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov